WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lazaro Cantillo,  <br>          Petitioner,  <br>v.  <br>Warden,  <br>          Respondent. | No. CV-23-0093-TUC-RCC (EJM)  <br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Petitioner Lazaro Cantillo's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (Doc. 1). Respondent has filed a Return and Answer ("Answer") (Doc. 14), and Petitioner did not reply. The Petition is ripe for adjudication.

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure,[1] this matter was referred to Magistrate Judge Markovich for Report and Recommendation. Upon review of the pleadings and exhibits, the Magistrate Judge recommends that the District Judge dismiss the Petition (Doc. 1) for lack of jurisdiction.

**I.    BACKGROUND**

At the time Petitioner filed his Petition (Doc. 1), Petitioner was an inmate incarcerated at the Federal Correctional Institution in Tucson, Arizona ("FCI–Tucson"). *See* Petition (Doc. 1). Currently, Petitioner remains incarcerated at FCI–Tucson. *See* Fed. Bureau of Prisons ("BOP") Inmate Locater, https://www.bop.gov/inmateloc/ (last

---

[1] Rules of Practice of the United States District Court for the District of Arizona.

visited April 22, 2024). Petitioner's projected release date is August 25, 2031. *See id*.

### A. *Federal Conviction, Sentencing, and Appeal*

On April 19, 2001, a federal grand jury in the Southern District of Florida indicted Petitioner on one (1) count of conspiracy to possess with intent to distribute a Schedule II controlled substance, five (5) or more kilograms of cocaine, in violation of the United States Code, Title 21, Sections 841(a)(1), 841(b)(1)(A)(ii), and 846; one (1) count of possession with intent to distribute a Schedule II controlled substance, five (5) or more kilograms of cocaine, in violation of the United States Code, Title 21, Sections 841(a)(1), 841(b)(1)(A)(ii), and 846; and one (1) count of conspiracy to use and carry firearms during and in relation to a drug trafficking crime in violation of the United States Code, Title 18, Sections 924(c) and 924(o). Indictment, *United States v. Cantillo*, No. 01-CR-0377-JIC (S.D. Fla. Apr. 19, 2001), ECF No. 27.[2] On May 31, 2001, the federal grand jury returned a superseding indictment which added one (1) count of using and carrying firearms during and in relation to a drug trafficking crime in violation of Title 18, United States Code, Sections 924(c)(1)–(2), and one (1) count of being a felon in possession in violation of Title 18, United States Code, Section 922(g)(1). Superseding Indictment, *United States v. Cantillo*, No. 01-CR-0377-JIC (S.D. Fla. May 31, 2001), ECF No. 37. On February 15, 2002, following a jury trial, Petitioner was found guilty of all five (5) counts. *See* Verdict, *United States v. Cantillo*, No. 01-CR-0377-JIC (S.D. Fla. Feb. 15, 2002), ECF No. 92. On August 30, 2002, Petitioner was sentenced to 420 months imprisonment, followed by a sixty (60) month term of supervised release. *See* Judgment, *United States v. Cantillo*, No. 01-CR-0377-JIC (S.D. Fla. Aug. 30, 2002), ECF No. 166. The district court classified Petitioner as a career offender based *inter alia* on a prior burglary conviction. *See United States v. Gunn, et al.*, 369 F.3d 1229, 1238 n.6 (11th Cir.

---

[2] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). United States District Court for the Southern District of Florida orders and proceedings are proper material for judicial notice. *See Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006) (taking judicial notice of orders and proceedings before another tribunal).

2004).

On September 9, 2002, Petitioner filed a notice of appeal. Not. of Appeal, *United States v. Cantillo*, No. 01-CR-0377-JIC (S.D. Fla. Sept. 9, 2002), ECF No. 168. On May 12, 2004, the Eleventh Circuit Court of Appeals issued its order affirming Petitioner's convictions and sentences. *See Gunn*, 369 F.3d at 1234–38. On October 12, 2004, the Supreme Court of the United States denied certiorari. *See Cantillo v. United States*, 543 U.S. 937 (2004).

### B.   Collateral Challenges

#### 1. Section 2255—First Petition

On October 7, 2005, Petitioner filed his Section 2255 petition. Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody, *United States v. Cantillo*, No. 01-CR-0377-JIC (S.D. Fla. Oct. 7, 2005), ECF No. 194; *see also* Complaint, *Cantillo v. United States*, No. 05-CV-22682-JIC (S.D. Fla. Oct. 7, 2005), ECF No. 1.[3] Petitioner alleged three (3) grounds for relief: 1) ineffective assistance of counsel based upon trial counsel's alleged failures to a) "timely investigate evidence of excessive force used during [Petitioner's] arrest and evidence of illegal recording techniques during and post arrest"; b) "timely investigate Petitioner's inherent criminal history and to inform him of its possible collateral consequences"; c) "prepare an adequate entrapment defense[] [or] request a special verdict instruction" for a determination of the amount of drugs attributable for each defendant or find Petitioner guilty of a lesser included charge; and d) "properly object to the use of a burglary of an unoccupied dwelling as a crime of violence for career offender enhancement under the sentencing guidelines"; 2) ineffective assistance of appellate counsel based upon an alleged failure to argue that the career offender enhancement was improperly applied to

---

[3] The prison mailbox rule directs that a *pro se* prisoner's federal habeas petition is deemed filed when "he hands it over to prison authorities" for mailing. *See Houston v. Lack*, 487 U.S. 266, 275–76 (1988). For Petitioner's *pro se* post-conviction filings and calculating timeliness, the Court relies on the date on which Petitioner handed his documents over to prison authorities. The citation sentence, however, reflects the date on which the filing was docketed by the court.

Petitioner; and 3) violation of the Sixth Amendment right to jury notice at sentencing. *Id.* at 4–5.[4] On June 23, 2006, the magistrate judge issued his Report and Recommendation considering the merits of the petition. Report & Recommendation, *Cantillo v. United States*, No. 05-22682-CIV-COHN/WHITE (S.D. Fla. June 23, 2006), ECF No. 14. The magistrate judge observed that "[t]he Eleventh Circuit . . . has held that burglary of a dwelling is a crime of violence for purposes of enhancement under the career offender provisions of the Guidelines." *Id.* at 15–16 (reviewing cases recognizing burglary of a dwelling, whether occupied or unoccupied, qualified as a crime of violence for career offender status). On January 8, 2007, the court adopted the magistrate judge's report and recommendation and denied Petitioner's Section 2255 petition. Order, *Cantillo v. United States*, No. 05-22682-CIV-COHN/WHITE (S.D. Fla. Jan. 8, 2007), ECF. No. 25.

On February 14, 2007, Petitioner filed his Notice of Appeal regarding the denial of his Section 2255 petition. Not. of Appeal, *Cantillo v. United States*, No. 05-22682-CIV-COHN/WHITE (S.D. Fla. Feb. 14, 2007), ECF. No. 26. On the March 26, 2007, the district judge declined to issue a certificate of appealability finding that Petitioner "ha[d] not shown that 'jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Order, *Cantillo v. United States*, No. 05-22682-CIV-COHN (S.D. Fla. Mar. 26, 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), ECF. No. 30. On October 3, 2007, the Eleventh Circuit Court of Appeals granted issuance of a Certificate of Appealability on the single issue of "[w]hether the district court erred in finding that the appellant had not been deprived of effective assistance of trial and appellate counsel when trial counsel failed to argue at sentencing that a prior conviction for burglary of an unoccupied dwelling did not constitution a 'crime of violence' to support a finding that the appellant was a career offender and appellate counsel failed to raise the issue on appeal." Order, *Cantillo v.*

---

[4] Unless otherwise noted, page citations refer to the Case Management/Electronic Case Files ("CM/ECF") page number for ease of reference.

*United States*, No. 07-10830-D (11th Cir. Oct. 3, 2007), *available at Cantillo v. United States*, No. 05-22682-CIV-COHN (S.D. Fla. Nov. 1, 2007), ECF No. 37.  On August 28, 2008, the Eleventh Circuit Court of Appeals issued its decision affirming Petitioner's sentence.  Opinion, *Cantillo v. United States*, No. 07-10830-D (11th Cir. Aug. 28, 2008), *available at Cantillo v. United States*, No. 05-22682-CIV-COHN (S.D. Fla. Oct. 27, 2008), ECF No. 42.  On October 27, 2008, the appellate court issued its mandate.  Mandate, *Cantillo v. United States*, No. 07-10830-D (11th Cir. Oct. 27, 2008), *available at Cantillo v. United States*, No. 05-22682-CIV-COHN (S.D. Fla. Oct. 27, 2008), ECF No. 42.

### 2. Section 2255—Second Petition

On October 18, 2010, Petitioner filed an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence 28 U.S.C. § 2255 by a Prisoner in Federal Custody.  *In re: Cantillo*, No. 10-14788-D (11th Cir. Oct. 18, 2010), ECF No. 2.  Petitioner asserted that the district court improperly relied on an offense committed prior to his 18th birthday when classifying Petitioner as a career offender.  *Id.* at 5–7, 11–12.  Petitioner asserted that this was "newly discovered evidence."  *See id.* at 5, 10–12.

On November 12, 2010, the Eleventh Circuit Court of Appeals observed that "the details of Cantillo's prior convictions that were used to determine his career-offender status were available to him at the time of his first § 2255 motion, [and therefore,] this evidence is not 'newly discovered' within the meaning of § 2255(h)(1)."  Order at 2, *In re: Cantillo*, No. 10-14788-D (11th Cir. Nov. 12, 2010).  The court further found that "because Cantillo ha[d] failed to make a *prima facie* showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion [wa]s . . . DENIED."  *Id.* (emphasis in original).

### 3. Section 2255—Third Petition

On June 24, 2016, Petitioner filed a third Section 2255 petition.  Complaint, *Cantillo v. United States*, No. 1:16-CV-22562-JIC (S.D. Fla. June 24, 2016), ECF No. 1.

Petitioner asserted that "[a]t a time when the Guidelines were mandatory and had the force and effect of laws, this Court sentenced Mr. Cantillo as a career offender based on the residual clause of U.S.S.G. § 4B1.2(a)(2)[,] [but] [u]nder the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Cantillo no longer qualifies as a career offender, and his career-offender sentence violates due process of law and results in a fundamental defect inherently resulting in a miscarriage of justice." Complaint at 1, *Cantillo v. United States*, No. 1:16-CV-22562-JIC (S.D. Fla. June 24, 2016), ECF No. 1. Petitioner argued that he "no longer qualifies as a career offender because *Johnson* invalidated the residual clause, and, without the residual clause, he does not have two prior convictions that continue to qualify as predicate offenses under U.S.S.G. § 4B1.2(a)." *Id.* at 4. Petitioner sought resentencing without the career offender enhancement. *Id.* at 25.

On June 28, 2016, the Eleventh Circuit Court of Appeals denied Petitioner's Application for leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence, 28 U.S.C. § 2255. Order, *In re: Lazaro Cantillo*, No. 16-13098-J (11th Cir. June 28, 2016), ECF No. 4. The court observed that it had previously "held that Johnson doesn't apply to USSG § 4B1.1 for the purpose of permission to file a second or successive § 2255 petition." *Id.* at 1 (citations omitted). Accordingly, the district court dismissed Petitioner's petition for lack of jurisdiction and denied issuance of a certificate of appealability. Amended Order, *Cantillo v. United States*, No. 16-22562-CIV-COHN/SELTZER, (S.D. Fla. Aug. 2, 2016), ECF No. 14.

### 4. Section 2241—First Petition

On January 29, 2018, Petitioner filed a petition for habeas corpus pursuant to Section 2241 in the Northern District of Florida. § 2241 Habeas Corpus Petition, *Cantillo v. Warden*, No. 5:18-CV-00029-MCR/CAS (N.D. Fla. Jan. 29, 2018), ECF No. 1. Relying on the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), Petitioner sought relief "from his erroneous mandatory career offender penalty." *Id.* at 10. Petitioner observed that "[i]n light of Mathis, this Circuit has since held that

- 6 -

'Florida's inclusion of curtilage in its definition of dwelling makes its burglary of a dwelling offense non-generic' under the Guidelines." *Id.* at 11 (quoting *United States v. Garcia-Martinez*, 845 F.3d 1126, 1134 (11th Cir. 2017)). Petitioner further asserted that "[t]he law '[could not] impose" on Mr. Cantillo the career offender penalty without the Florida burglary conviction." *Id.* at 12 (first alteration added, remaining in original) (emphasis in original). Petitioner urged "[t]hat is what makes Mr. Cantillo's problem important enough to be fixed under this remedy pursuant to § 2255(e)." *Id.*

On July 13, 2018, the magistrate judge issued his Report and Recommendation concluding that "Petitioner ha[d] not demonstrated entitlement to proceed under section 2241[,]" and recommending that the petition be dismissed for lack of jurisdiction. *See* Report and Recommendation, *Cantillo v. Warden*, No. 5:18-CV-00029-MCR/CAS (N.D. Fla. July 13, 2018), ECF No. 12. The magistrate judge observed that "[c]ontrary to Cantillo's assertions, '[t]he applicability of the saving[] clause is a threshold jurisdictional issue, and the saving[] clause imposes a subject-matter jurisdiction limit on § 2241 petitions.'" *Id.* at 10 (first alteration added, remainder in original) (quoting *Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1273 (11th Cir. 2014)). The magistrate judge further observed that "Mathis involved a direct appeal and the U.S. Supreme Court gave no indication that decision applied retroactively to cases on collateral review." *Id.* at 12 (citing *Mathis*, 136 S. Ct. at 2257). The magistrate judge further clarified that "[t]he Eleventh Circuit has explained that 'Mathis does not provide an independent basis [for an application to authorize the filing of a second or successive § 2255 motion] as the Supreme Court's holding in Mathis did not announce a 'new rule of constitutional law.'" *Id.* at 13–14 (first alteration added, subsequent alterations in original) (quoting *In re: Hernandez*, 657 F.3d 1162, 1164 (11th Cir. 2017)).

On September 4, 2018, the court adopted the report and recommendation, dismissed Petitioner's section 2241 petition, and denied a certificate of appealability. Order, *Cantillo v. Warden*, No. 5:18-CV-00029-MCR/CAS (N.D. Fla. Sept. 4, 2018), ECF No. 19.

On November 26, 2018, Petitioner filed his Notice of Appeal.  Notice, *Cantillo v. Warden*, No. 5:18-CV-00029-MCR/CAS (N.D. Fla. Nov. 26, 2018), ECF No. 24.  On March 11, 2019, the Eleventh Circuit Clerk of the Court dismissed Petitioner's appeal for failure to prosecute due to a failure to pay the filing and docketing fees.  Not. of Dismissal, *Cantillo v. FCI Marianna Warden*, No. 18-14916-D (11th Cir. Mar. 11, 2019), ECF No. 10.

### 5. Section 2241—Second Petition

On May 7, 2019, Petitioner filed another petition for habeas corpus pursuant to Section 2241 in the Southern District of Mississippi.  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, *Cantillo v. Warden*, No. 3:19-CV-00322-CWR-FKB (S.D. Miss. May 17, 2019), ECF No. 1.  Petitioner reiterated his claim that the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), "rendered Florida burglary *not* a conviction under the career offender guidelines[.]"  Petitioner's Mem. in Support for Writ of Habeas Corpus Under the "Savings Clause" at 3, *Cantillo v. Warden*, No. 3:19-CV-00322-CWR-FKB (S.D. Miss. May 17, 2019), ECF No. 2 (emphasis in original).  Petitioner asserted "courts have expressly held that an erroneous mandatory sentencing enhancement, such as Mr. Cantillo's erroneous career offender penalty, is akin to actual innocence and is a miscarriage of justice."  *Id.* at 4.  Petitioner further asserted that "[b]oth *Mathis* and *Decamps v. United States*, 133 S. Ct. 2276 (2013), apply retroactively under the savings clause[.]"  *Id.* at 5.  Petitioner urged "[t]he erroneous career offender penalty is analogous to 'actual innocence' and is a fundamental miscarriage of justice that requires correction under this Circuit's savings clause remedy."  *Id.* at 6.

On June 16, 2022, the magistrate judge issued his Report and Recommendation concluding that the court "[wa]s without jurisdiction to consider the petition[,] . . . [and] recommend[ing] that the petition be dismissed with prejudice."  Report and Recommendation, *Cantillo v. Warden*, No. 3:19-CV-00322-KHJ-FKB (S.D. Miss. June 16, 2022), ECF No. 17.  The magistrate judge observed that Petitioner "raised a *Mathis*

claim in his § 2241 petition filed in 2018 before the Northern District of Florida[,] . . . [was] denied relief[,] . . . [and] [d]issatisfied with that result he has come to [the Southern District of Mississippi] seeking a more favorable decision." *Id.* at 6. The magistrate judge noted that "§ 2244(a) forecloses such forum shopping and repeated attempts to obtain relief." *Id.* The magistrate judge concluded that the court lacked jurisdiction based on an abuse of the writ and further found that *Descamps* was inapplicable to Petitioner's case. *Id.* at 6–7.

On July 6, 2022, the court adopted the report and recommendation and dismissed Petitioner's section 2241 petition with prejudice. Order, *Cantillo v. Warden*, No. 3:19-CV-00322-KHJ-FKB (S.D. Miss. July 6, 2022), ECF No. 18. Judgment was entered on the same day. Final J., *Cantillo v. Warden*, No. 3:19-CV-00322-KHJ-FKB (S.D. Miss. July 6, 2022), ECF No. 19.

### C.     The Instant Habeas

On February 24, 2023, Petitioner filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. *See* Petition (Doc. 1). Petitioner asserts that "[t]he *remedy* by motion under 28 U.S.C. § 2255 is inadequate *and* ineffective to allow resort to the savings clause for relief because *Mathis* is a retroactive statutory interpretation case, which has rendered Mr. Cantillo innocent of his **mandatory** career offender sentence."[5] Petr.'s Mem. in Support of Pet. for Relief Pursuant to 28 U.S.C. § 2255(e), the "Savings Clause" (Doc. 1-1) at 7 (emphasis in original). Relying on *Allen v. Ives*, 950 F.3d 1184 (9th Cir. 2020), Plaintiff asserts that because a "Florida burglary [conviction] does not qualify as a crime of violence for the [Armed Career Criminal Act] or career offender penalties after *Mathis* (and *Johnson*)[,] . . . the Supreme Court has retroactively nullified these prior convictions and there are no other predicates to support Mr. Cantillo's career

---

[5] In *Mathis v. United States*, 579 U.S. 500 (2016), the Supreme Court considered whether the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), makes an exception the rule that a "prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense." *Mathis*, 579 U.S. at 503. The Court determined that if the elements of a state criminal statute are broader than those of the generic crime, convictions under that state statute cannot give rise to an ACCA sentence. *Id.* at 520.

offender sentence." *Id.* at 8–9. Petitioner further claims that "[t]hroughout his direct appeal, first § 2255 motion, subsequent § 2255 motions, and savings clause petitions, Mr. Cantillo has been procedurally foreclosed in his challenge to the Florida burglary conviction underlying his mandatory career offender penalty, which no longer qualifies as a valid predicate for his sentence." *Id.* at 12. Petitioner argues that "he has not had an unobstructed procedural shot at correcting his fundamental defect until now[,]" and seeks "relief under the savings clause of § 2255[.]" *Id.* at 13.

## II. ANALYSIS

### A. Legal Standards

"As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (quotations and citations omitted). Section 2255 provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Usually, "motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (citations omitted); *see* 28 U.S.C. §§ 2241(d), 2255(a). "Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Hernandez*, 204 F.3d at 864–65 (quoting 28 U.S.C. § 2255; then citing *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999)). "We refer to this section of § 2255 as the 'savings clause[]' or the 'escape hatch.'" *Harrison*,

519 F.3d at 956 (quotations and citations omitted). "If a prisoner's claims qualify for the escape hatch of § 2255, the prisoner may challenge the legality of a sentence through a § 2241 petition in the custodial court." *Id.* (citations omitted).

### B. Jurisdiction

"[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).

Here, Petitioner is a federal prisoner contesting the legality of his sentence by challenging his prior Florida state conviction for burglary, asserting that it does not qualify as "a valid predicate for a crime of violence for federal sentencing." Petr.'s Mem. in Support of Pet. for Relief Pursuant to 28 U.S.C. § 2255(e), the "Savings Clause" (Doc. 1-1) at 9. Petitioner claims that his "prior Florida burglary conviction cannot be used to support his mandatory career offender sentence[,] . . . [and] [he] is actually innocence [sic] of his career offender sentence." *Id.* at 10. Petitioner seeks "relief under the savings clause of § 2255 and . . . from [his] unconstitutional and illegal sentence." *Id.* at 13.

Properly, Petitioner's request for relief should be asserted under Section 2255 in the Southern District of Florida. Petitioner does not contend otherwise, but rather argues that the § 2255 remedy is inadequate or ineffective because "during [his] direct appeal and first § 2255 motion Eleventh Circuit case law firmly held . . . that the Florida burglary statute was divisible, allowing the sentencing court to look at state court papers to determine whether [Petitioner] had entered a structure or the curtilage." *Id.* at 10–11. Petitioner further noted that "the Eleventh Circuit . . . (unlike this circuit) has refused to acknowledge any difference between the mandatory and advisory career offender guidelines[,]" preventing him from challenging his sentence under *Johnson*.[6] *Id.* at 11

---

[6] *Johnson v. United States*, 576 U.S. 591 (2015). In *Johnson*, the Supreme Court of the United States held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id.* at 606. Petitioner finds this case important because it overturned *James v. United States*, 550 U.S. 192 (2007); however, he was not sentenced under the ACCA and fails to present any logical reason why this analysis is relevant to him.

(citations omitted). As discussed below, this Court lacks jurisdiction over Petitioner's section 2241 petition.

### 1. Abuse of the Writ

The Ninth Circuit Court of Appeals has recognized that "[t]he doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (quoting *Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 538 (9th Cir. 1998) (en banc), *overruled in part on other grounds by Woodford v. Garceau*, 538 U.W. 202 (2003)). The court of appeals further observed that "[u]nder the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petition can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *Id.* (citations omitted). Petitioner's most recent section 2241 petition was dismissed as an abuse of the writ. *See* Report & Recommendation, *Cantillo v. Warden*, No. 3:19-CV-00322-KHJ-FKB (S.D. Miss. June 16, 2022), ECF No. 17, *adopted by* Order, *Cantillo v. Warden*, No. 3:19-CV-00322-KHJ-FKB (S.D. Miss. July 6, 2022), ECF No. 18. The government bears the burden of pleading abuse of the writ, but did not do so here. *See id.* As such, although Petitioner's grounds for relief are identical to those he has presented in previous petitions, this Court will not consider the propriety of dismissal for abuse of the writ.

### 2. *Jones v. Hendrix*

In *Jones*, the Supreme Court observed:

> [S]ince the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), second or successive § 2255 motions are barred unless they rely on either "newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2). A federal prisoner may not, therefore, file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved.

*Jones v. Hendrix*, 599 U.S. 465, 469–70 (2023). The Court went on to address the

question of whether "that limitation on second or successive motions makes § 2255 'inadequate or ineffective' such that the prisoner may proceed with his statutory claim under § 2241." *Jones v. Hendrix*, 599 U.S. 465, 470 (2023). The Court observed that prior to *Jones*,

> [s]everal Courts of Appeals found a workaround for [] prisoners in the saving clause . . . [holding] that § 2255 was 'inadequate and ineffective' under the saving clause—and that § 2241 was therefore available—when AEDPA's second-or-successive restrictions barred a prisoner from seeking relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion.

*Jones*, 599 U.S. at 477. The Court unequivocally found that "the saving clause does not authorize such an end-run around AEDPA." *Id.* The Court held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition. *Id.* at 471.

Following *Jones*, the Eleventh Circuit Court of Appeals recognized that "[t]he saving clause is concerned with the adequacy or effectiveness of the remedial vehicle . . . not any court's asserted errors of law." *Grimes v. FPC Pensacola Warden*, 2023 WL 8018576, at *2 (11th Cir. Nov. 20, 2023) (quoting *Jones v. Hendrix*, 599 U.S. at 480). As such, the court found that "the § 2255 remedial vehicle was adequate and effective to test [a petitioner's] claim, even if circuit precedent or a procedural bar would have foreclosed it." *Grimes*, 2023 WL 8018576, at *2.

Here, Petitioner seeks to circumvent the AEDPA's restrictions on filing second or successive § 2255 motions by filing a § 2241 petition asserting that "[t]hroughout his direct appeal, first § 2255 motion, subsequent § 2255 motions, and savings clause petitions, Mr. Cantillo has been procedurally foreclosed in his challenge to the Florida burglary conviction underlying his mandatory career offender penalty, which no longer qualifies as a valid predicate for his sentence." Petr.'s Mem. in Support of Pet. for Relief Pursuant to 28 U.S.C.§ 2255(e), the "Savings Clause" (Doc. 1-1) at 12. Petitioner claims

that he "is actually innocent of his mandatory career offender sentence, and he has not had an unobstructed procedural shot at correcting his fundamental defect until now. *Id.* at 13. Petitioner has pursued a direct appeal, filed two (2) § 2255 petitions, as well as two (2) § 2241 petitions prior to the one pending before this Court. His assertion that he has not had an "unobstructed procedural shot" is absurd. Petitioner is attempting exactly the kind of end run around the AEDPA's restrictions on second or successive § 2255 motions foreclosed by *Jones*. Accordingly, this Court finds that it lacks jurisdiction to consider the Petition (Doc. 1).

### III. CONCLUSION AND RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order **DISMISSING WITH PREJUDICE** Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2), Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-23-0093-TUC-RCC**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

Dated this 24th day of April, 2024.

Eric J. Markovich
United States Magistrate Judge